# IN THE COURT OF APPEALS OF IOWA

No. 17-1524
Filed November 21, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DOUGLAS LYNN COOK,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cass County, Richard H. Davidson (motion) and Gregory W. Steensland (trial), Judges.

Douglas Cook appeals his convictions for two counts of second-degree sexual abuse and one count of disseminating or exhibiting obscene material to a minor. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

The State charged Douglas Cook with two counts of second-degree sexual abuse arising from sex acts performed on two children. *See* Iowa Code §§ 709.1(3), 709.3(1)(b), 709.3(2) (2017). The State also charged him with one count of disseminating or exhibiting obscene material to a minor. *See id.* § 728.2.

Cook moved to sever the charges for separate trials. He asserted, "There is no indication that the alleged molestation of the two minors were part of a common scheme or plan" and, "Count III (dissemination of pornography) is dissimilar to Counts I and II and apparently occurred at times and at a location unrelated to the allegations in Counts I and II." The district court denied the motion, and the case proceeded to trial on all three counts. A jury found Cook guilty as charged.

On appeal, Cook contends the district court abused its discretion in denying his motion to sever the charges. *See State v. Romer*, 832 N.W.2d 169, 174 (Iowa 2013) (setting forth standard of review). He implicitly acknowledges the court applied the correct law but argues that law should be "re-examine[d] . . . in light of how federal courts and other state courts apply their corresponding rules relating to severance and joinder."

The Iowa Supreme Court explained the law on severance in a trio of opinions cited by both parties. *See id.* at 181–83; *State v. Elston*, 735 N.W.2d 196, 198–200 (Iowa 2007); *State v. Lam*, 391 N.W.2d 245, 249–51 (Iowa 1986). This law is controlling, and we are not at liberty to overturn it. *State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014) ("Generally, it is the role of the supreme court to decide if case precedent should no longer be followed.").

The district court applied the law as follows:

All three counts charged in this case are alleged to have occurred over the same time period and involve sexual abuse of the two minor children or displaying pornographic material to the two minors. Count I is alleged to have occurred during a camping trip when both M.H. and M.F. were present with the defendant. M.H. reports instances when the defendant showed her pornographic material. M.F. makes similar allegations and both girls describe a black box where at least some of the material was kept. Both M.H. and M.F. separately state that they saw the defendant watching pornographic movies or the defendant required they watch such movies. Both describe instances when the defendant exposed his penis. And both M.H. and M.F. reported that the defendant threatened bad things would happen if they told anyone. Both children as well as other individuals are anticipated to be witnesses concerning each of the three counts. The Court concludes that the separate occurrences show a common scheme and plan to pervert the children's morals and to use the children for the defendant's own sexual purposes.

Finding a common scheme, the Court must now determine whether the defendant has shown that he would be prejudiced by a consolidated trial. It is important to note our Supreme Court has expressly rejected a Rule 5.404(b) prejudice analysis when determining whether to sever or consolidate charges for trial. Rather, the Court must consider whether the State's interest in judicial economy outweighs any prejudice to the defendant. The Court finds the defendant has not shown sufficient prejudice to outweigh the interests in judicial economy. Many of the same witnesses would be called to testify in separate cases. While the evidence concerning these three counts may overlap, the trial court will have the opportunity to caution jurors that they must determine whether the defendant is guilty or not guilty separately on each count. Accordingly, based on the potential duplication of witnesses in separate trials and the trial court's ability to caution jurors at trial concerning their deliberations on each count, the Court finds the State's judicial economy concerns outweigh the prejudice of having one trial with two complaining witnesses.

(Internal citations omitted.)

We discern no abuse of discretion in the court's application of the law and its denial of Cook's severance motion. We affirm his judgment and sentence.

**AFFIRMED.**